IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| NORRIS HICKS | § | |
| v. | § | CIVIL ACTION NO. 6:22cv134 |
| DAVID GUTIERREZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Norris Hicks, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Plaintiff's amended complaint (docket no. 13) is the operative pleading in the lawsuit. In his amended complaint, Plaintiff states that he is 69 years old and has been in prison for 32 years, serving a life sentence. During this time, he has been denied parole nine times without being allowed a meaningful participation in the parole process, in that he has not been allowed to review and challenge the documents and records reviewed by the Texas Board of Pardons and Paroles to consider whether he should be released on parole.

Plaintiff complains that he has been denied equal protection in that he has been denied the same opportunity as persons who can afford an attorney to review their parole file. He says that he has been denied due process because he has not been allowed to review his parole file and challenge

1

all false or derogatory information contained in it. Thus, he says he has not been given fair notice of the evidence to be used against him, making the denials arbitrary and capricious.

Additionally, Plaintiff asserts that he has been denied due process because the board members and commissioners who voted not to release him failed to disclose his parole score by redacting it from the minutes sheet, which he says is in violation of their own rules. He contends that the board members and commissioners who voted not to release him did so with no evidence that he is a current threat to society based on his commitment offense, without considering his good institutional record and his completion of all rehabilitation programs available to him.

Plaintiff next maintains that he has been denied a "fair and just parole hearing," in that he has been denied meaningful participation, denied review of his file, denied disclosure of evidence used against him, and having the parole score redacted from the minute sheet. He argues that these acts "represent a scheme, which is an ongoing violation of the federal civil rights statute, Section 242 of Title 18," and as such, he is seeking prospective relief.

Plaintiff argues that while the defendants may cite Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995) and Allison v. Kyle, 66 F.3d 71 (5th Cir. 1999) as cases holding that there is no liberty or property interest in parole, he contends that "these cases are exactly on point [sic] as they address this matter as it relates to a single statute vesting a liberty or property interest in the parole process following the precedent set out in Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979)." He says that while he believes that there is a single statute vesting a due process interest in the parole process, this statute has not been examined by the courts and that is not the issue which Plaintiff asks that the Court address. Instead, he says that "as an issue of first impression," when the Texas Constitution, Texas legislation and statutes, the Rules and Guidelines of the Board of Pardons and Paroles, and the Administrative Procedures Act are considered together, the cumulative effect of these combine to create a liberty and property interest in a parole process that is constitutionally sufficient.

Plaintiff maintains that Article I, sec. 17 of the Texas Constitution provides that no personal property shall be taken without adequate compensation, and that good time and work time are "personal property." Article IV, sec. 2 of the Texas Constitution grants the Legislature the power to create the Board of Pardons and Paroles, and under the original Prison Management Act, it was noted that nothing in the Constitution requires the granting of good time credits, but once a state adopts good time provisions and a prisoner earns such credits, deprivation of these credits amounts to a substantial sanction and a prisoner can properly claim summary deprivation of liberty without due process. Plaintiff contends that "there is no distinction between depriving a prisoner of the right to earn good conduct deductions and the right to qualify for it, and thus earn parole."

Plaintiff further asserts that Article 37.07, sec. 4(a) of the Texas Code of Criminal Procedure provides that a defendant who has been convicted of a 3(g) offense may earn time off the period of his incarceration through the award of good time, and thus creates a presumption that inmates who work, have good conduct, and attempt to rehabilitate themselves are entitled to have their credits reduce their period of incarceration.

According to Plaintiff, Article 508.313(b) of the Texas Government Code requires that all matters of the Board and decisions relating to mandatory supervision, parole, and clemency shall be matters of public record and subject to public inspection at all reasonable times. Thus, he says that redacting his parole score violates his statute.

Plaintiff states that in Johnson v. TDCJ, 910 F.Supp. 1208 (W.D.Tex. 1995), *rev'd* 100 F.3d 299 (5th Cir. 1997), the prisoner complained of the Board not revealing protest letters. He says that in Mouser v. Dretke, 2006 U.S. Dist. LEXIS 15647, the prisoner complained that he was denied a fair hearing when the Board considered false information concerning an alleged escape attempt.

Plaintiff says that his injuries include not receiving notice of what was to be used against him, denial of equal protection, denial of an opportunity to be heard, being declared a threat to society without any evidence, not receiving the salient parole score in the minutes and notifications, and not being given reasons specific to him. He states that he has completed all rehabilitative

3

programs available to him and has taught several of them; he says that he was an instructor for five years in the Peer Health and PREA programs and was a facilitator for a veterans' PTSD program, but he has been denied parole nine times based on prior conduct from 20 and 30 years ago, as well as a record he has never been allowed to review. The Board has relied on his crime to deny him parole in spite of his institutional accomplishments, which Plaintiff says has been held unconstitutional by the California Supreme Court, citing In re Lawrence, 44 Cal. 4th at 1181. Plaintiff also cites a district court case from New York called Graziano v. Pataki, 2006 WL 2023082 (S.D.N.Y. 2006) holding that even in the absence of a state-created liberty interest in parole release, there is an "entitlement to a process of decision-making which comports with the statutory guidelines of consideration to all relevant statutory factors."

For relief, Plaintiff asks that the Court grant a declaratory judgment that the Texas Parole System is unconstitutional because it systematically violates due process and equal protection is an ongoing scheme that violates Texas law, the APA, and 18 U.S.C. §242, and that an injunction be granted for Plaintiff to have a parole hearing meeting all due process and equal protection requirements.

Plaintiff attached a number of exhibits to his original complaint which he seeks to incorporate into his amended complaint. The first of these is an article by an individual named Mike Ward, apparently published in a magazine entitled Parole News, March-April 2021, decrying the alleged power exercised by the Board. Plaintiff points to a portion of the article saying that the Board makes decisions without reviewing the full file, sometimes in as little as seven to 12 minutes.

Plaintiff's second exhibits consists of letters he sent to the Board and the responses he received. These responses told him that governmental bodies are not required to comply with Open Records Act requests from prisoners, but that he would be sent a copy of the minutes in his case, redacted as per confidentiality rulings. Another response advised Plaintiff that every prisoner receives a written statement of the reasons for denying parole, and Plaintiff's letter indicated that he did receive written notification of the decision detailing these reasons.

Next, Plaintiff attaches a copy of a sheet labeled "Minutes Detail Information," dated December 7, 2016. This record gives the reasons for denial as "1D" and "2D." One line on the sheet is blacked out and cannot be read.[1]

After including a parole denial form for an inmate named James Williams, giving the reason as "2D," Plaintiff furnishes a document on the letterhead of the law office of Paul Hampel, explaining the risk assessment scores, the parole voting options, and the notification of the parole panel decision. Finally, Plaintiff has a number of affidavits from other inmates discussing being denied parole for reasons which they say will never change, such as the nature of the offense.

**II. Discussion**

The Fifth Circuit has held that Texas prisoners have no protected liberty interest in parole, and as a result, they cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds. Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1999). Plaintiff's argument that he has a liberty interest in parole created by the Texas Constitution, state statutes, or the Administrative Procedures Act is without merit.

In Martinez v. Abbott, 796 F.App'x 196, 2019 U.S. App. LEXIS 36287, 2019 WL 6632821 (5th Cir., December 5, 2019), the plaintiff alleged that the defendant state officials, including the Governor as well as various parole board members and parole commissioners, violated his due process and equal protection rights by denying him parole, implementing arbitrary parole review procedures, failing to provide him with a fair and meaningful parole hearing, and failure to notify him of a 2014 parole denial. The district court granted the defendants' motion for summary judgment. The Fifth Circuit held that the defendants were entitled to judgment as a matter of law

---

[1] Reason 1D is "Criminal History - the record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release." Reason 2D is "Nature of Offense - the record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others such that the offender poses a continuing threat to public safety." See Decker v. Director, TDCJ, civil action no. 6:20cv104, 2021 WL 3412560, 2021 WL 3412560 (E.D.Tex., March 8, 2021), Report adopted at 2021 U.S. Dist. LEXIS 145463, 2021 WL 3403730 (E.D.Tex., August 4, 2021).

on the plaintiff's due process claims because Texas prisoners lack a liberty interest in obtaining parole and may not assert any due process claims regarding state procedures for parole review, citing Toney v. Owens, 779 F.3d 330, 341-42 (5th Cir. 2015). The Fifth Circuit also determined that the defendants were entitled to summary judgment on the plaintiff's equal protection claims, which were based on race, because the plaintiff failed to show that similarly situated persons were treated differently than was he.

In the present case, Plaintiff's due process claims fail for the same reason as in Martinez - he lacks a liberty interest in release on parole. Plaintiff's equal protection argument does not concern race, but rather argues that he was denied equal protection in that inmates who can afford parole attorneys can have their parole files reviewed, but he cannot. This claim has been rejected by the Fifth Circuit. Cruz v. Skelton, 543 F.2d 86, 95 (5th Cir. 1976); *see also* Craddock v. Moss, civil action no. 2:01cv213, 2004 U.S. Dist. LEXIS 2578, 2004 WL 329955 (N.D.Tex., February 23, 2004), *Report adopted at* 2004 WL 691674 (N.D.Tex., April 1, 2004).

Plaintiff's contentions that good time and work time are "property" which cannot be taken without due process, and that Article 37.07(a) of the Texas Code of Criminal Procedure conveys a protected liberty or property interest, have likewise been rejected by the Fifth Circuit. Gordon v. Perry, 259 F.App'x 651, 2007 U.S. App. LEXIS 28869, 2007 WL 4373046 (5th Cir., December 13, 2007).

Although Plaintiff contends that Article 508.313 of the Texas Government Code requires that matters of the Board and decisions relating to parole be matters of public record, the statute actually says that all information obtained and maintained is confidential and privileged if the information relates to an inmate subject to release on parole, mandatory supervision, or executive clemency; however, statistical and general information, including the names of releasees and data recorded relating to parole and mandatory supervision services, is not confidential or privileged and must be made available for public inspection at any reasonable time.

Although Plaintiff cites Greenholtz, that case is distinguishable because the Nebraska statute at issue there, unlike the Texas statutes, did in fact create a protected liberty interest in parole. Greenholtz, 442 U.S. at 11-12; Board of Pardons v. Allen, 482 U.S. 369, 376, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). While Plaintiff cites the district court decision in Johnson v. TDCJ, 910 F.Supp. 1208 (W.D.Tex. 1995), he fails to note that this case was reversed in Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997) and does not accurately set out the law. In Mouser v. Dretke, the plaintiff complained of false information in his parole file, but the district court held that the allegedly false information did not implicate a protected liberty interest and dismissed the lawsuit as frivolous. The decision of the California Supreme Court which Plaintiff cites, In re Lawrence, 44 Cal. 4th 1181, 190 P.3d 535 (2008), construes California parole law and thus is not applicable to Texas prisoners. The Graziano case which Plaintiff cites construes New York law and in any event conflicts with the Fifth Circuit's decision in Johnson, and thus lacks precedential value for district courts within the Fifth Circuit. Finally, Plaintiff cites 18 U.S.C. §242, which is a federal criminal statute which does not provide for a private right of action. Chaney v. Races & Aces, 590 F.App'x 327, 2014 U.S. App. LEXIS 21045, 2014 WL 5578461 (5th Cir., November 4, 2014), *citing* Ali v. Shabazz, 8 F.3d 22, 22 (5th Cir. 1993). Plaintiff's claims lack an arguable basis in law and fail to state a claim upon which relief may be granted.

**III. Conclusion**

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This preliminary screening is undertaken regardless of whether the prisoner pays the full filing fee or proceeds *in forma pauperis*. Martin v. Scott, 156 F.3d 578, 579-580 (5th Cir. 1998).

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Plaintiff's claims lack an arguable basis in law and fail to state a claim upon which relief may be granted because he lacks a liberty interest in release on parole and has shown no basis for an equal protection claim, nor any other legal challenge to the denial of parole. Consequently, this lawsuit may be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915A(b). *See* Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed as frivolous and for failure to state a claim upon which relief may be granted with prejudice for purposes of proceeding *in forma pauperis*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the

8

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 10th day of August, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE