IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NORRIS HICKS,<br><br>　　　Plaintiff,<br><br>v.<br><br>DAVID GUTIERREZ, et al.,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ Case No. 6:22-cv-134-JDK-JDL<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Norris Hicks, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On August 10, 2022, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice as frivolous and for failure to state a claim upon which relief can be granted. Docket No. 14. Plaintiff objected. Docket No. 18.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff contends that he is relying on "the Cumulative Effect." He argues that the "cumulative effect" of the Texas Constitution, state statutes, and the Administrative Procedure Act combine to create, at the very least, a reasonable expectation of parole procedures being conducted in a fair and just manner. Docket No. 18 at 1. Plaintiff explains that "through its state statutory and constitutional law, Texas has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to a parole hearing that is fair and just. Having guaranteed the prisoners of the State that they will receive a fair and just review, the Board is not permitted to arbitrarily disregard the rules and guidelines that they have put into place." *Id.* at 2. He complains that the Magistrate Judge failed to discuss the Texas Constitution, the APA, Texas Code of Criminal Procedure art. 37.07, Texas Government Code art. 311.021 and 508.313, and Board Rule 145.6(a). *Id.* at 2. By ignoring these laws, Plaintiff argues that the Magistrate Judge failed to address his claim. *Id.*

As the Magistrate Judge correctly stated, the Fifth Circuit has repeatedly held that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. Thus, even if a prisoner may be eligible for release on parole, he has no right or constitutional expectancy to early release on parole because parole is within the total and unfettered discretion of the State of Texas. *Stout v. Stephens*, 856 F. App'x 558 (5th Cir. 2021) (Texas law and regulations, including the

Administrative Procedures Act, do not create a protected liberty interest in parole, so inmates cannot challenge any parole review procedures on procedural or substantive due process grounds) (*citing Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1999)). Neither Plaintiff's "cumulative effect" theory nor his claim that he has a "reasonable expectation of parole" that somehow conveys a liberty interest has ever been adopted by any court and lack any arguable basis in law. *See Gilbertson v. Tex. Bd. of Pardons & Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). Plaintiff has also failed to set out a viable Equal Protection claim based on his assertion that some inmates can afford parole attorneys while others cannot. *See Cruz v. Skelton*, 543 F.2d 86, 94–95 (5th Cir. 1976). In addition, the purported failure of the Parole Board to follow its own rules and regulations does not set out a constitutional claim. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 14) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice as frivolous and for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **2nd** day of **November, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE